**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:20-cv-01628-RM

HUGO HERNANDEZ-CEREN,

    Plaintiff-Petitioner,

v.

CHAD WOLF, in his official capacity as Acting Secretary of Homeland Security,
WILLIAM BARR, in his capacity as Attorney General of the United States,
MATTHEW ALBENCE, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement, and
KENNETH CUCCINELLI, in his purported official capacity as Acting Director, U.S. Citizenship and Immigration Services,

    Defendants-Respondents.

---

**ORDER**

---

This matter is before the Court on Plaintiff-Petitioner's Motion for Emergency Writ of Habeas Corpus, or Alternatively, for a Temporary Restraining Order Staying His Removal (ECF No. 3). For the reasons below, the Court denies the emergency relief requested but orders Defendants-Respondents to respond to Plaintiff-Petitioner's Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (ECF No. 1) pursuant to the briefing schedule set forth below.

**I.    LEGAL STANDARDS**

Generally, a court may grant a writ of habeas corpus when a person is in custody, and a person subject to removal is in custody for habeas purposes. *See Thoung v. United States*, 913 F.3d 999, 1001 (10th Cir. 2019).

To obtain a temporary restraining order or injunctive relief in any other form, a party must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because a preliminary injunction is an extraordinary remedy, the party's right to relief must be clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

## II.   BACKGROUND

In the Verified Petition[1], Plaintiff-Petitioner contends the federal government is unlawfully planning to deport him as early as tomorrow, June 7, 2020, while his petition for a T Nonimmigrant Visa remains pending before United States Citizenship and Immigration Services ("USCIS"). Plaintiff-Petitioner is a class representative in another case filed in the District of Colorado in 2014, in which the plaintiffs assert forced labor violations under the Trafficking Victims Protection Act ("TVPA") based on allegations that Plaintiff-Petitioner and others in immigration detention were required to engage in sanitation and other services for the detention facility. *See Menocal v. The GEO Group, Inc.*, 113 F.3d 1125 (D. Colo. 2015). The conduct underlying those allegations occurred several years ago in this District, while Plaintiff-Petitioner was in custody at a detention facility in Aurora, Colorado.

Plaintiff-Petitioner was subsequently transferred to a detention facility in California, where he filed his application for a T Nonimmigrant Visa with USCIS in May 2018 based on the

---

[1] The Petition has been verified only by counsel.

same underlying allegations in the *Menocal* case.  There is no suggestion that his transfer to California was to manipulate jurisdiction in some manner or was otherwise improperly motivated.  USCIS has yet to make a preliminary determination as to whether his application is bona fide.  Should USCIS determine that it is, that would automatically stay execution of any removal order until the visa application was decided.  However, if he is deported, he would be ineligible for a T Nonimmigrant Visa because he would no longer satisfy the physical presence requirement.

On June 4, 2020, the United States Court of Appeals for the Ninth Circuit denied Plaintiff-Petitioner's motion to stay the issuance of the mandate on its prior decisions denying his petition to review his administratively final order of removal.  Yesterday, June 5, the mandate issued, and Plaintiff-Petitioner filed his current habeas petition and emergency motion in this Court.  At that time, he was at a detention center in Alabama; his present location is uncertain.  Plaintiff-Petitioner contends he is subject to imminent removal to El Salvador as early as tomorrow, June 7, and that he could be transferred among different detention facilities prior to his deportation.

In his habeas petition, Plaintiff-Petitioner contends that his deportation while his application for a T Nonimmigrant Visa remains pending before USCIS would violate his right to procedural due process under the Fifth Amendment.  Plaintiff-Petitioner further contends that his deportation would constitute arbitrary and capricious agency action in violation of the Administrative Procedure Act ("APA").  In his emergency motion, he requests an order enjoining his removal until June 15, 2020, and an expedited briefing schedule on his habeas petition.

### III.   DISCUSSION

To begin with, the Court has doubts as to whether it has subject matter jurisdiction over this matter.  Generally, "[a] § 2241 petition for a writ of habeas corpus must be addressed to the federal district court where the prisoner is confined." *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement.").  There are no allegations that Plaintiff-Petitioner has been detained in this District for several years.  Nor is there any allegation that anything having to do with his order of removal, application for a T Nonimmigrant Visa, or review thereof occurred in this District.  Plaintiff-Petitioner points out that *Padilla* expressly does not apply to immigration disputes and, citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-94 (1973), argues a more flexible approach is warranted and that the Court should consider (1) the location where the events took place, (2) where records and witnesses pertinent to the claim are likely to be found, (3) the convenience of the forum for respondent and petitioner, and (4) the familiarity of the court with the applicable laws. (ECF No. 3 at 7-12.)  But even accepting that as true, no event which is the subject of the habeas petition (i.e., adjudication of the removal order, current detention, application for a T Nonimmigrant Visa, action or inaction with respect to review of that application, denial of due process) occurred in Colorado.

Assuming for present purposes that the identified factors support jurisdiction in this case, the Court has serious doubts as to whether this is the proper venue for this matter. Plaintiff-Petitioner filed his application for a T Nonimmigrant Visa in California, which is where removal proceedings were held and concluded.  Plaintiff-Petitioner's motion provides almost no

information about those proceedings; neither does the record in this case at this stage. To the extent Plaintiff-Petitioner is challenging how his visa application is being processed or not being processed, the allegations in the habeas petition have no substantial connection with this District. Although Plaintiff-Petitioner contends that "events relevant to the petition" occurred in the District of Colorado (ECF No. 1 at ¶ 10), the fact that conduct referred to in the visa application allegedly occurred in this District years and years ago is thin support for finding venue is proper. The Court is not persuaded at all that a due process or APA review of agency action would place the requisite legal focus on the allegations of the Verified Petition rather than on the action itself.

Moreover, Plaintiff-Petitioner cites no binding authority showing he is entitled to relief. The Court is not persuaded that the mere filing of an application for a T Nonimmigrant Visa creates a liberty interest sufficient to support a procedural due process claim in the context asserted here. If that were the case, persons in removal proceedings could circumvent being deported simply by filing such an application.[2] With respect to Plaintiff-Petitioner's APA claim, the current pleadings provide scant support for the notion that his deportation would constitute arbitrary and capricious agency action. (*See* ECF No. 3 at 15.)

Finally, granting Petitioner's motion would bypass the usual and preferred process for resolving a habeas petition on the merits. The Court is disinclined to grant the relief requested when the case is in its current posture. The Court has not yet heard from Respondents on the contested issues raised in Petitioner's habeas petition.

---

[2] Notably, Plaintiff-Petitioner argues that even if USCIS denied his visa application, his due process rights would entitle him to challenge that decision, during which time, presumably, he still could not be deported. (*See* ECF No. 3 at 13.)

## IV. CONCLUSION

Accordingly, the Court DENIES Plaintiff-Petitioner's motion for emergency relief (ECF No. 3) and sets forth the following briefing schedule on the habeas petition:

(1) Defendants-Respondents shall file a response on or before June 19, 2020; and

(2) Plaintiff-Petitioner shall have seven days from the filing of such response to file a reply.

DATED this 6th day of June, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge